UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| JOCELYN MOISE, | Civil Action No.: 1:16-cv-6314 |
| Plaintiff, | **Complaint** |
| -against- | Date Filed: August 9, 2016 |
| FAMILY DOLLAR STORES OF NEW YORK, INC. and FAMILY DOLLAR SERVICES, INC. | **Jury Trial Demanded** |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Jocelyn Moise ("Plaintiff" or "Moise"), by Rozario & Associates, P.C., his attorneys, complaining of Defendants Family Dollar Stores of New York, Inc. and Family Dollar Services, Inc. (collectively "Defendants") respectfully alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges that he has been employed by Defendants, individually, and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), that he is (i) entitled to unpaid overtime wages from Defendants for working more than forty (40) hours in a week and not being paid an overtime rate of at least one and one-half (1.5) times his regular rate for such hours over forty (40) in a week; (ii) entitled to maximum liquidated damages attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq., including 29 U.S.C. §216(b).

2. Plaintiff alleges that he has been employed by Defendants and pursuant to New York Labor Law ("NYLL") he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty (40) hours in a week and not being paid an overtime rate of at least one and one-half (1.5) times his regular rate for such hours over forty (40) in a week; (ii) entitled to

1

maximum liquidated damages, and (iii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§650 et seq. ("NYLL") including NYLL §663, and the regulations there under – 12 N.Y.C.R.R. §142-2.2.

3. Plaintiff is also entitled to recover his unpaid wages, including his unpaid overtime wages due under his wage agreement with Defendants – under Article 6 of the New York Labor Law including §§191, 193, and 196, compensation for not receiving notices and wage statements required by NYLL §195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and/or interest, and attorneys' fees pursuant to NYLL §198.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§1331 and 1332 because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so closely related to Plaintiff's federal law claims that they form parts of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial District.

## THE PARTIES

7. Plaintiff Jocelyn Moise ("Mr. Moise") is an adult, over eighteen (18) years old, who currently resides in New York County in the State of New York. Mr. Moise was employed

2

by Family Dollar Stores, at a Bronx County location known as Store # 6853, found at 3560 Jerome Avenue, Bronx, New York 10467, from approximately July 2013 through June 2016.

8. At all times during the term of Plaintiff's employment at Family Dollar Stores, Plaintiff was Defendants' employee within the meaning of the FLSA and NYLL. 29 U.S.C. §203(e); N.Y. Lab. Law §651(5).

9. At all times relevant to this action, Plaintiff was engaged in commerce because Plaintiff handled, used or otherwise worked on or with goods and/or materials that had been moved in or produced for interstate commerce.

10. Upon information and belief, Defendant Family Dollar Stores of New York, Inc., at all relevant times, was and is a foreign business corporation authorized to conduct business in the State of New York.

11. Upon information and belief, Defendant Family Dollar Stores of New York, Inc., at all relevant times, oversees, manages, directs, or otherwise was and is involved in the operation of multiple "Family Dollar Store" locations throughout the State of New York, including Store #6853 located at 3560 Jerome Avenue, Bronx, New York 10467 (hereinafter "Store #6853").

12. Upon information and belief, Defendant Family Dollar Stores of New York, Inc., at all relevant times, was and is an employer of Plaintiff, who worked at Store #6853, as defined by FLSA and NYLL.

13. Upon information and belief, Defendant Family Dollar Stores of New York, Inc.'s annual gross volume of business, at all relevant times, was not less than $500,000.00.

14. Upon information and belief, Defendant Family Dollar Stores of New York, Inc. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) has or had employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on or with goods and/or materials that have been moved in or produced for commerce by any person, and its (ii) annual gross volume of sales or business is not less than $500,000.00.

15. Upon information and belief, Defendant Family Dollar Services, Inc., at all relevant times, was and is a foreign business corporation authorized to conduct business in the State of New York.

16. Upon information and belief, Defendant Family Dollar Services, Inc., at all relevant times, oversees, manages, directs, or otherwise was and is involved in the operation of multiple "Family Dollar Store" locations throughout the State of New York and other States, including Store #6853 located at 3560 Jerome Avenue, Bronx, New York 10467.

17. Upon information and belief, Defendant Family Dollar Services, Inc., at all relevant times, was and is an employer of Plaintiff, who worked at Store #6853, as defined by FLSA and NYLL.

18. Upon information and belief, Defendant Family Dollar Services, Inc.'s annual gross volume of business, at all relevant times, was not less than $500,000.00.

19. Upon information and belief, Defendant Family Dollar Services, Inc. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) has or had employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on or with goods and/or materials that have

been moved in or produced for commerce by any person, and its (ii) annual gross volume of sales or business is not less than $500,000.00.

20. Upon information and belief, both Defendants, who employed Plaintiff, shared Plaintiff's services, shared direct or indirect control over Plaintiff, and acted in the interest of one another, and thus did and does constitute a joint employer as defined by U.S. Department of Labor Regulations. 29 C.F.R. §791.2.

## STATEMENT OF FACTS

21. Defendants own and operate numerous "Family Dollar Store" locations in the State of New York and other States.

22. Plaintiff was employed at Store #6853 for the period July 2013 through June 2016.

23. At all times relevant herein, Plaintiff was employed by Defendants as a "store supervisor/shelf-stocker" on a full-time basis. Plaintiff's duties included, but were not limited to, opening and closing Store #6853, overall upkeep of Store #6853, payroll duties, stocking, and sweeping.

24. For the period July 2013 through June 2014 Plaintiff received an hourly wage of $14.50.

25. For the period July 2014 through June 2015 Plaintiff received an hourly wage of $15.00.

26. For the period July 2015 through June 2016 Plaintiff received an hourly wage of $15.50.

27. Plaintiff was subject to the work schedule available to all employees through the employer website.

28. Plaintiff was regularly scheduled for six (6) days a week at an average of over forty (40) hours per week.

29. Plaintiff was required to "clock-in" and "clock-out" for recording of his timesheet.

30. Plaintiff averaged ninety (90) hours per week and has had over 100 hours a week on several occasions.

31. Plaintiff is entitled to an overtime rate of at least 1.5 times his regular rate for such hours over forty (40) per week.

32. Defendants did not pay any overtime compensation to Plaintiff for his work at a rate of at least 1.5 times his regular rate for such hours over forty (40) per week.

33. Defendants knowingly and willfully failed to pay Plaintiff the overtime compensation required by both the FLSA and NYLL.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – 29 U.S.C. §201 ET SEQ. (UNPAID OVERTIME)

34. Plaintiff alleges and reincorporates by reference the allegations in paragraphs 1 through 33 above as if set forth fully and at length herein.

35. Defendants knowingly, willfully, and intentionally failed to pay overtime compensation at a rate of one and one-half (1.5) times the regular rate for hours worked in excess of forty (40) hours a week, in violation of 29 U.S.C. §207(a)(1).

36. Because of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, unpaid overtime compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. §216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL §650 ET SEQ. AND 12 N.Y.C.R.R. §142-2.2 ETC. (UNPAID OVERTIME)

37. Plaintiff alleges and reincorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

38. Defendants knowingly, willfully, and intentionally failed to pay overtime compensation for hours worked in excess of forty (40) hours a week at a rate one and one-half (1.5) times the regular hourly rate, which must be equal to or greater than the minimum wage as set forth in N.Y. Lab. Law §652, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, §142-2.2.

39. Because of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, unpaid overtime compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial. N.Y. Lab. Law §§198.1-a and 663.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court to grant the relief requested as follows:

(1) Declaring Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the FLSA, NYLL, and associated regulations;

(2) Awarding Plaintiff all compensatory damages under the FLSA, NYLL, and associated regulations;

(3) Awarding Plaintiff liquidated damages;

(4) Awarding Plaintiff pre-judgment and post-judgment interest;

(5) Awarding punitive damages;

(6) Ordering that Defendants comply fully with all federal and state wage and hour, and other employment laws and regulations;

(7) Enjoining Defendants from any act that may frustrate Plaintiff's claims or recovery of damages; and

(8) Ordering such other and further relief that the Court deems just and proper.

Dated: Brooklyn, New York
       August 4, 2016

                                              Respectfully submitted,

                                              **ROZARIO & ASSOCIATES, P.C.**

By: _____
      Rovin R. Rozario, Esq. (RR9316)

*Attorneys for Plaintiff*
JOCELYN MOISE
175 Remsen Street, Suite 602
Brooklyn, New York 11201
T: 718.859.2325
F: 718.859.2345
E: rrozario@rozariolaw.com

By: _____
      Daniel Park, Esq. (DP2482)

*Attorneys for Plaintiff*
JOCELYN MOISE
175 Remsen Street, Suite 602
Brooklyn, New York 11201
T: 718.859.2325
F: 718.859.2345
E: dpark@rozariolaw.com